WILLIAM J. STEWART, RESPONDENT, v. ELMER S. KILMER, APPELLANT.

Submitted July 7, 1913—Decided November 17, 1913.

Assuming that section 20 of the Warehouseman's act (*Pamph. L.* 1907, *p.* 341) requires, to produce liability, a description of its contents sought to be recovered on the outside of the box containing it, where other articles are also involved, a nonsuit should not be ordered.

---

On appeal.

For the appellant, *Harrison H. Voorhees.*

For the respondent, *George B. Evans.*

The opinion of the court was delivered by

VOORHEES, J. This action was brought against the defendant, who is a warehouseman, under an act of the legislature entitled "An act concerning warehouse receipts and to make uniform the law relating thereto," approved May 7th, 1907 (*Pamph. L., p.* 341), to recover the value of a moving picture machine left with the defendant on storage, and also for injury done to a carpet, to the extent of $16, left at the same time. If any infirmity in the record be disregarded, and we consider the question intended to be raised under the notice of appeal, the case may be dealt with in this way.

The first two grounds challenge the propriety of the trial court's refusal to nonsuit. The notice for this purpose was based upon the ground that under section 20 of the Warehouseman's act, there could be no recovery, because of the fact that the box in which the moving picture machine was placed contained no particular description of its contents. Assuming that to be the correct construction of that act, no ground for nonsuit appears. The injury to the carpet was not disputed, and the plaintiff was entitled to a verdict and judgment to that extent, at least. Certainly, he was entitled to go to the jury upon it.

The other two grounds of appeal are that the failure of the plaintiff to state on the outside what the box contained, relieved the defendant from liability from loss, on that account, and further, that the moving picture machine, for which the action was brought, was not sufficiently described to hold the defendant liable. These latter grounds point to no error on the part of the trial judge in his rulings on evidence, and, in addition, no exceptions were taken to his charge. They consequently present no question for the decision of this court. It thus appears that there must be an affirmance of the judgment of the court below.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 14.

*For reversal*—None.